# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

  v.

**LAWRENCE T. TURNER,**

        Movant.

Case No. 08-C-795
(Criminal Case No. 05-CR-11)

## DECISION AND ORDER

This matter is before the Court on the pro se motion of the Movant, Lawrence T. Turner ("Turner"), under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.[1] Liberally construed, Turner contends: (1) his court-appointed counsel provided ineffective representation at the pretrial phase of the case, during the plea negotiations, and at sentencing; (2) his conviction was obtained by a guilty plea which was unlawfully induced by federal law enforcement officers; (3) his conviction was obtained by evidence which was obtained pursuant to an unlawful arrest; and, (4) his conviction was obtained by evidence gained

---

[1] Turner plead guilty to participating in a conspiracy to possess and distribute crack and powder cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846. Subsequently, this Court sentenced him to 270 months of imprisonment, a sentence 90 months below the bottom of the appropriate United States Sentencing Guidelines range. Turner appealed. The sole issue raised on appeal was whether this Court erred by failing to construe several letters from Turner complaining about his appointed counsel and asking for a replacement as a motion to withdraw his guilty plea. The court of appeals affirmed his conviction, holding that the Court was not required to respond to Turner's pro se complaints about his first court-appointed attorney once Turner declined to challenge his guilty plea with the assistance of his second court-appointed attorney. *See United States v. Turner*, 258 Fed. Appx. 888, 891 (7th Cir. 2007).

through an unconstitutional search and seizure. Turner has filed his sworn declaration in support of his motion, and a brief addressing his ineffective assistance of counsel claim.

Turner's motion is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (quoting 28 U.S.C. § 2255 ¶ 2). "If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See also Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Section 2255 of Title 28 of the United States Code authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." Turner's contentions state an arguable claim for relief under § 2255.

Therefore, the Court will require the Plaintiff, United States of America, to file an answer to Turner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

The answer shall conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Turner also request an evidentiary hearing on his claim of ineffective assistance of trial counsel. Such requests are addressed by Rule 8 of the Rules Governing Section 2255 Proceedings for United States District Courts. After the answer has been filed, the Court will consider whether an evidentiary hearing is warranted. See Rule 8 of the Rules Governing Section 2255 Proceedings.

In addition, Turner requests the appointment of counsel for the remainder of this § 2255 proceeding. Unlike a criminal proceeding, a Section 2255 suit does not constitutionally guarantee the movant appointment of counsel. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). However, if an evidentiary hearing is warranted, Rule 8(c) of the Rules Governing Section 2255 Proceedings requires that counsel be appointed to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. Otherwise, the decision to appoint counsel to an indigent petitioner rests solely within the discretion of the district court. 18 U.S.C. § 3006A. After the Plaintiff files an answer, the Court will consider Turner's motion for appointment of counsel.

However, the Court notes that Turner has not submitted any information regarding his current financial status. In order for the Court to determine whether he is indigent, Turner should complete and file a Petition and Affidavit to Proceed without Prepayment of Fees and/or Costs. A copy of that form is enclosed with Turner's copy of this Decision and Order. Turner must also file a certified copy of his prison trust account showing

transactions for the six-month period immediately preceding the filing of his motion for relief pursuant to § 2255.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

**On or before October 27, 2008**, the Plaintiff United States of America **SHALL FILE** an answer to Turner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

The answer **SHALL** conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Dated at Milwaukee, Wisconsin this 24th day of September, 2008.

                                             **BY THE COURT**

                                             *s/ Rudolph T. Randa*
                                             **Hon. Rudolph T. Randa**
                                             **Chief Judge**